IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                        Case No. 09-10008- JTM

JUDAH PRINCE,
    formerly known as Rex A. Lutes,
        Defendant.

ORDER

This matter is before the court on the government's motion for preliminary forfeiture order. (Dkt. No. 75). Judah Prince, the defendant, filed objections. (Dkt. Nos. 77 & 80).

On June 24, 2009, the United States filed a 27 Count superseding indictment against Prince. Counts 2-26 of the Superseding Indictment ("Indictment"), which are the relevant counts, charged that Prince made false statements to a federal firearms licensee in violation of 18 U.S.C. § 924(a)(1)(A). (Dkt. No. 26). The Indictment also sought forfeiture of any firearms and ammunition involved in the charged offenses under 18 U.S.C. § 924(d). (*Id*.). On April 13, 2010, a jury returned a verdict finding the defendant guilty on Counts 1 - 26 of the Superseding Indictment. (Dkt. No. 73). The government is seeking forfeiture of real property, specifically firearms, firearm frames and ammunition ("firearm collection") as identified in Exhibit 1. (Dkt. No. 75 - Ex. 1). Defendant claims the firearm collection is not subject to forfeiture, and that forfeiture would violate the Eighth Amendment. (Dkt. No. 77 at 5-7).

The United States seeks forfeiture of the firearm collection pursuant to 18 U.S.C. § 924(d), which provides that any firearm or ammunition involved in or used in any knowing violation of

certain criminal statutes, including 18 U.S.C. § 924(a)(1)(A), shall be subject to seizure and forfeiture. 18 U.S.C. § 924(d).

The procedures for the forfeiture are governed by 21 U.S.C. § 853 and Fed.R.Crim.P. 32.2. All right, title, and interest in the property subject to forfeiture vests in the United States upon commission of the offense giving rise to the forfeiture. 21 U.S.C. § 853(c). The indictment must contain notice to the defendant that the United States will seek forfeiture of property as part of any sentence. Fed.R.Crim.P. 32.2(a). As soon as practicable after a guilty verdict, the district court must determine what property is subject to forfeiture and whether the United States has established the requisite nexus between that property and the offense; if the court finds that specific property is in fact subject to forfeiture, it must then promptly enter a preliminary order of forfeiture, which directs forfeiture of the property without regard to any third party's interest. 32.2(b). At sentencing, the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment. *Id.*

Defendant argues the government failed to show any nexus between the property and the offense of making a false statement to a federal firearms licensee. Specifically he asserts: "[t]he firearm isn't involved in any way with defendant's criminal act of putting down a false address, and it certainly isn't 'actively' involved in defendant's criminal act." (Dkt. No. 77 at 5). Prince maintains that "the firearms themselves were legal, and had the correct address been placed on the 4473 form, there would have been no violation at all." (Dkt. No. 80 at 3). The court does not find the defendant's argument persuasive. The jury convicted Prince of providing false information on the form a federal firearms licensee must keep when a firearm is sold. For this court to conclude that

a firearm acquired with a form containing false information is not involved in the transaction is nonsensical.

This firearm collection was acquired by providing false information to a federal firearms licensee. The Government cites *Smith v. United States,* 508 U.S. 223 (1993), as support for its contention that the firearm collection was involved in the false statement to a federal firearms licensee. (Dkt. No. 79 at 2). The Supreme Court in *Smith* noted that

> Because making a material misstatement in order to acquire or sell a gun is not 'use' of the gun even under the broadest definition of the word 'use,' Congress carefully expanded the statutory language. As a result, a gun with respect to which a material misstatement is made is subject to forfeiture because, even though the gun is not 'used' in the offense, it is 'involved in' it.

*Smith v. United States* at 235 (1993).

Although *Smith* did not specifically address Prince's crimes of conviction, the reasoning applies here. Prince made a material misstatement in his acquisition of the firearm collection and thus the firearms were involved in the offense. *See id.*

The Indictment gave Prince notice of the government's intent to seek forfeiture of property, and the court finds that the government has proven the requisite nexus between the firearm collection and the offense.

Defendant next argues that forfeiture of the firearms would violate the Excessive Fines clause of the Eighth Amendment. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII.

In *United States v. Bajakajian,* 524 U.S. 321 (1998), the Supreme Court held "that a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a

defendant's offense." *United States v. Bajakajian* at 334 (1998). In making this determination, the Court considers: (1) the nature and extent of the crime; (2) whether the violation was related to other illegal activities; (3) the penalties that may be imposed for the violation; and (4) the extent of the harm caused. *Id.* at 337-40. The Tenth Circuit has stated that, in addition to the *Bajakajian* factors, courts should consider: "the general use of the forfeited property, any previously imposed federal sanctions, the benefit to the claimant, the value of seized contraband, and the property's connection with the offense." *Id.* at 337-40. *See also United States v. Wagoner County Real Estate,* 278 F.3d 1091, 1100 (10th Cir.2002) (discussing *Bajakajian* factors). *Id.* at 1101 (citing *United States v. 829 Calle De Madero,* 100 F.3d 734, 738 (10th Cir.1996)).

Considering these factors, the court finds that forfeiture of the firearms is not "grossly disproportional" to the gravity of Prince's offense. First, making a false statement to a federal firearms licensee is a serious offense, and Prince committed this offense on numerous occasions; from March 3, 2007 to December 28, 2007, on 25 different dates.

Second, although Prince's false statement to a federal firearms licensee was not directly related to other illegal activities, the court notes that the jury also found Prince guilty of manufacturing 204 marijuana plants. (Dkt. No. 73 at 1). The combination of numerous firearms acquired in violation of the law, and a marijuana grow of that magnitude is, at a minimum, troubling.

Third, Prince faces a term of imprisonment of up to five years and a statutory maximum fine of $250,000 on each count. (Dkt. No. 83 at 1, 23 & 25). Prince has alleged that the firearm collection is worth $15,000. (Dkt. No. 77 at 7-8). Even if the court accepts Prince's valuation of the firearm collection, which the government alleges is substantially inflated (Dkt. No. 79 at 4), the value is but six percent of the $250,000 fine that could be assessed on each count.

4

Finally, while the actual extent of the harm caused might be *de minimus*, the court notes that making false statements to a federal firearms licensee on twenty-five different occasions gives rise to a great potential harm to society.

Based on these factors, the court finds that forfeiture of the firearm collection is not grossly disproportional under the Excessive Fines Clause. The Court will issue a preliminary order of forfeiture pursuant to this Order. The forfeiture of the firearms clearly is not excessive under the Eighth Amendment.

IT IS THEREFORE ORDERED this 29th day of June, 2010, that the government's motion for preliminary forfeiture order (Dkt. No. 75) is granted.

   s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE